ORDER
STACY L. LEEDS, Associate Justice.
Petitioner Cain brings this action pursuant to 51 C.N.C.A. § 1025 seeking judicial review of the Final Order of the Employee Appeals Board (EAB) entered November 20, 2001. The EAB reinstated Cain to her previous position “with benefits retroactive to the date of termination.” The Respondent Cherokee Nation agrees that Cain is entitled to reinstatement with “retroactive benefits,” but argues, based on the plain language of 51 C.N.C.A. § 1029, that back wages are not an available remedy to be awarded by this Court.
On October 7, 2002, the parties stipulated to waive oral arguments on Respondents’ Motion to Dismiss and the Cross-Motions for Summary Judgment filed by each party, respectively. The following ruling is based on the briefs submitted by the parties.
Back Wages
The sole issue to be resolved is whether this Court can award back wages. The resolution of this issue turns on the interpretation of the remedies language in 51 C.N.C.A. § 1029, which provides:
If the termination is revoked based on a finding that the termination was without cause by a final unappealed decision of the Cherokee Nation Employee Appeals Review Board, or by a final decision of the Judicial Appeals Tribunal, the Former Employee shall be immediately restored to Cherokee Nation employment in the same or similar job position, with pay no less than the pay received at the time of the termination, and with benefits retroactive to the date of termination; and his personnel records adjusted as may be consistent with the revocation action of the Cherokee Nation Employee Appeals Board or the Judicial Appeals Tribunal. The reme-dien provided herein shall be exclusive, and, the Cherokee Nation, expressly de-cibles to waive sovereign iiuniiinitij as to suit for recovery of any form of damages or other types of relief other than the relief set forth herein, (emphasis added).
The plain language of the statute, as this Court recently concluded in Bush, JAT01-09 (April 2002), distinguishes the terms “pay” and “benefits” and treats each term separately. The Act requires that a restored employee receive the same “pay” as *24 the employee received prior to termination, yet the only retroactive language applies to “benefits.” With no legislative history to support such a broad reading, it would be an impermissibly liberal interpretation of the statute to construe the term “benefits” to also include payment of back wages or salary. The term “benefits” typically includes items such as annuities, insurance plans, sick leave, maternity leave and vacation time.[1] The term “pay” as it is used in this statute contemplates the payment of wages and salary.
The Council, had it intended employees to receive retroactive payment of salary or wages, would have included a reference to such payment in the retroactive clause of the Act. The plain language of the statute, however, contemplates “benefits” as the only retroactive entitlement. This Court, cognizant of the legislative directive of Section 1029, cannot not construe the statute to include remedies beyond those exclusively enumerated by the Council. Section 1029’s limited waiver of sovereign immunity does not extend to other types of monetary relief such as “back wages.”
Although there was a time period when this Court permitted the recovery of back wages in cases brought pursuant to Article VII of the Cherokee Constitution, intervening legislative enactments have limited the available remedies. As noted in Bush, this Court has consistently upheld the power of the Council to limit damages under Article II of the Constitution. In Nix v. Cherokee Nation, JAT -98-03, this Court permitted the remedy of attorneys fees. The Council, subsequently enacted legislation barring attorneys fees, and in Mauldin v. Cherokee Nation, JAT 95-01, the Court denied attorneys fees based on the new legislative restriction on remedies.
On the issue of back wages, this Court permitted such a remedy in cases arising before the effective date of Section 1029.[2] However, cases arising after the effective date of Section 1029 are subject to a more restrictive remedial scheme as dictated by the Council. This Court must defer to the Council on the issue of available damages m employee appeals decisions and this Court finds no statutory authority for the award of back wages at this time.
IT IS THEREFORE ORDERED that the Petitioner’s Motion for Summary Judgment is denied. IT IS FURTHER ORDERED that the Respondents’ Motion for Summary Judgment and Motion to Dismiss is granted.

. Merriam-Webster's 2002 Collegiate Dictionary defines benefits in one of two ways: “1. A financial help in time of sickness, old age, or unemployment; and 2. a payment or service provided for annuity, pension plan, or insurance policy.” No mention of wages or salary are contemplated in this commonly understood classification of "benefits.”

. See e.g. Nix JAT 93-03; Mauldin JAT 95-01; Kinnison. JAT 96-03.